# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br>        vs.<br>ROSA AMELIA MONTOTO,<br><br>                                  Defendant. | CASE NO. 12CR02937-LAB<br><br>**ORDER GRANTING IN PART RULE 35 MOTION TO REDUCE SENTENCE** |

The Government has filed a motion under Fed. R. Crim. P. 35(b)(2)(B) asking the Court to reduce the sentence of Rosa Montoto, whom this Court sentenced in February 2013 to 78 months in custody after she pled guilty to conspiracy to import 5.36 kilograms of methamphetamine into the United States.  Ms. Montoto has served approximately 34 months of her sentence and, as it stands, is due to be released in February 2018. The Government asks the Court to cut her sentence to time served and to order her release forthwith.

The Government proffers that Ms. Montoto provided substantial assistance in connection with its successful prosecution of other drug traffickers.  Accepting the Government's proffer, Ms. Montoto is eligible for a sentence reduction under Rule 35(b). *United States v. Tadio*, 663 F.3d 1042, 1047-48 (9th Cir. 2011).  But eligibility for a reduction isn't the same as entitlement to one.  Before granting a sentence reduction, the Court may take into account the sentencing factors under 18 U.S.C. § 3553(a) to

determine whether to accept the Government's recommendation and, if so, the magnitude of departure as a function of the degree and nature of the cooperation. *Id.* at 1048. In other words, a district judge decides, in the first instance, whether to reduce a sentence due to a defendant's assistance, and, if so, the extent of any reduction. To be clear, the Court acknowledges that it is not required to consider the § 3553(a) factors in deciding this motion, *id.* at 1052, but nonetheless it opts to.

Recognizing that a Rule 35 motion does not permit the Court to engage in a "plenary resentencing proceedings," *Dillon v. United States,* 560 U.S. 817, 825 (2010), the starting point is the original sentence. *Tadio*, 663 at 1055. Several § 3553(a) factors were particularly relevant when the Court sentenced Mr. Montoto, and they remain so. The Court found that Ms. Montoto's offense was aggravated. On June 13, 2012, she entered the United States through the Sentri lane with three packages containing 4.84 kilograms of actual methamphetamine. The Sentri lane is a dedicated thoroughfare at the Port of Entry permitting low risk travelers who have passed rigorous background check to ex-peditiously enter from Mexico. A drug dog alerted to Ms. Montoto's car and she was arrested. In a post arrest statement, she admitted that she had been transporting drugs across the border for the past six months. On 12-14 occasions, she had delivered drugs to someone named "Miguel." She said she worked for at least two different drug traffickers and was being paid $1,800 per trip.

Methamphetamine is a highly addictive and destructive drug. Addiction to the drug is both a public health and public safety issue in the U.S. Meth addicts appear often before this Court, and their lives are invariably in chaos. From the Court's "vantage point and day-to-day experience in criminal sentencing," *Koon v. United States*, 518 U.S. 81, 98 (1996), it is convinced that traffickers in methamphetamine – Ms. Montoto included – engage in a cold blooded, cynical, heartless enterprise. As such, they share responsibility for the dismal tide of ill effects that flow with methamphetamine into our community and our country.

///

1    Ms. Montoto's original sentence of 78 months reflected the aggravated nature and
2 circumstances of her crimes. 18 U.S.C. § 3553(a)(1).  Although she was 53 years old and
3 had no criminal record, she had crossed drugs into the U.S. on many occasions before
4 she was finally apprehended.  Her original sentence of 78 months was 30 months below
5 the low end of the advisory sentencing range under the United States Sentencing
6 Guidelines ("Guidelines" or "USSG").  18 U.S.C. § 3553(a)(4)(A). In the Court's view, then
7 and now, the sentence represented just punishment considering Ms. Montoto's long term
8 involvement in drug trafficking and the type and amount of drug count she was
9 smuggling. 18 U.S.C. § 3553(a)(2)(A).

10   Even as this Order is being written, a national debate is underway over whether
11 too many "low level drug offenders" are being incarcerated and, more generally, whether
12 criminal sentences are too harsh. *See, e.g.*, Leon Neyfach, *Why Are So Many Americans*
13 *in Prison?*, SLATE MAGAZINE (Feb. 6, 2015), http://www.slate.com/articles/news_and_
14 politics/crime/2015/02/mass_incarceration_a_provocative_new_theory_for_why_so_
15 many_americans_are.single.html; Mortimer Zuckerman, *Get a Little Less Tough on*
16 *Crime*, U.S. NEWS & WORLD REPORT (May 9, 2014), http://www.usnews.com/opinion/
17 articles/2014/05/09/its-time-for-prison-reform-and-an-end-to-mandatory-minimum-
18 sentences; Reihan Salam, *The Real Source of the Prison Boom*, NATIONAL REVIEW
19 (February 9, 2015), http://www.nationalreview.com/corner/413564/real-sources-prison-
20 boom-reihan-salam; *Two Views On Reducing Sentences For Non-Violent Drug*
21 *Offenders*, 90.9 WBUR Boston's NPR News Station (March 14, 2014),
22 http://hereandnow.wbur.org/2014/03/14/sentences-drug-offenders.  That debate has little
23 to do with Ms. Montoto, who as a serial drug trafficker imported multi-kilo quantities of
24 methamphetamine.  Public attitude toward large scale drug trafficking remains punitive
25 and unforgiving, J. Douglas McCullough and Eric Evenson, *Keep drug sentencing laws to*
26 *keep communities safe*, The Des Moines Register (September 24, 2015)
27 http://www.desmoinesregister.com/story/opinion/columnists/2015/09/24/keep-drug-
28 / / /

sentencing-laws-keep-communities-safe/72740428/, and supports the conclusion that the Court's original sentence promotes respect for the law. 18 U.S.C. § 3553(a)(2)(A).

In evaluating this motion, the Court has adhered to the guidance provided in Application Note 3 to § 5K1.1 of the Guidelines. 18 U.S.C. 3553(a)(4)(A)(I). That Note reminds judges that "[s]ubstantial weight should be given to the Government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." U.S.S.G. § 5K1.1, comment (n.3); *see also United States v. Awad*, 371 F.3d 583, 586-87 (9th Cir. 2004) (sentencing judge has wide latitude in evaluating the significance and usefulness of the defendant's assistance but should give substantial weight to the government's evaluation). This makes sense because prosecutors typically have a unique and informed perspective on the benefit obtained from the assistance provided. In this case, the undersigned judge has high regard for the prosecutor, Mr. Adam Braverman, who has a reputation as a careful and experienced Assistant United States Attorney. The Court has carefully studied Mr. Braverman's recommendation, focusing particularly on the reasons for the extent of the reduction he seeks. But, of course, "giving substantial weight" to the prosecutor's recommendation doesn't mean that the Court must automatically accept it, or that it must reduce the defendant's sentence to the extent the Government asks. *United States v. Smith*, 839 F.2d 175, 180 (3d Cir. 1988).

The Court accepts Mr. Braverman's representation that Ms. Montoto provided timely substantial assistance that was truthful, complete, reliable, and helpful, and that her assistance led to the arrest and prosecution of other drug traffickers. However, after reconsidering relevant § 3553(a) factors and evaluating the Government's Rule 35 motion against the backdrop of Ms. Montoto's original sentence and the reasons for it, the Court concludes that reducing her sentence to time served results in too great a windfall, and that it would be antithetical to other important objectives of sentencing. Still, a Rule 35 motion is not an all-or-nothing proposition. The Court is persuaded that Ms. Montoto deserves some credit for the assistance that she provided, just not as much as the

1 | Government asks for.  The Government's motion to reduce Ms. Montoto's sentence is
2 | **GRANTED IN PART**; the Court reduces the defendant's sentence by 18 months – an
3 | adjusted total sentence of 60 months.
4 |         **IT IS SO ORDERED**.
5 | DATED:  November 17, 2015

*Larry A. Burns* (signature)

**HONORABLE LARRY ALAN BURNS**
United States District Judge